IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANE SHIELDS

        Plaintiff,

vs.                                        Civ. No. 00-0584 WWD/RLP

STATE FARM INSURANCE COMPANIES,

        Defendant.

**MEMORANDUM OPINION**
**AND**
**ORDER GRANTING PARTIAL SUMMARY JUDGMENT**

       This matter comes before the Court upon Defendant's Motion for Partial Summary Judgement Regarding Claims for Emotional Distress filed February 27, 2001.

Background.

       This law suit is based on a fire insurance policy wherein Defendant insured Plaintiff's residence which subsequently was damaged by fire. Plaintiff claims various damages including damages for emotional distress which are the subject of the instant motion.    Defendant alleges that the motion should be granted because (1) Plaintiff's claims for emotional distress damages in connection with an alleged breach of contract are not such as to permit recovery since they do not involve either a serious emotional disturbance or bodily harm; (2) there is no "extreme and outrageous behavior" on the part of Defendant as required for such a claim; and (3) the contract alleged to have been breached is neither personal in nature nor coupled with matters of mental concern.  Plaintiff responds stating (1) that she has suffered emotional distress as the result of the

-1-

breach of contract by Defendant; (2) that such claims are factual issues and not  legal issues; (3)

that the question of whether Defendant's conduct was "outrageous" is a question of fact for the

fact finder; (4) That the standard of conduct for intentional infliction of emotional distress may not

be conduct that is "outrageous"; and  (5) that the insuring of the repair and safety of a family

residence is a matter of personal contract and of great mental concern. Plaintiff's affidavit in

support of her response details the problems with her residence since the fire damage; what

Defendant has replaced or repaired; and the extent of her dealings with Defendant including the

cancellation of her insurance with Defendant after 18 years. The affidavit makes no reference to

emotional distress, counseling, medication, etc.

Standard to be Applied.

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are

intended to "'secure the just, speedy and inexpensive determination of every action.'" Celotex

Corp. v. Catrett, 477 U.S. 317, 327 (1986)(quoting Fed. R. Civ. P. 1). A motion for summary

judgment may be granted only when "there is no genuine issue as to any material fact and ... the

moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Where the record

taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no

'genuine issue for trial.'" Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574,

587 (1986). Although the material submitted by the parties in support of and in opposition to the

motion must be construed liberally in favor of the party opposing the motion,  Harsha v. United

States, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by

demonstrating the absence of evidence to support the nonmoving party's case. Celotex, supra at

324. In such a situation, the moving party is entitled to judgment as a matter of law, "because the

nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. at 322. Summary judgment is warranted even when state of mind is at issue, when the party opposing the motion fails to make the requisite showing to defeat the motion for summary judgment. Anderson v. Liberty v. Lobby, Inc., 477 U.S. 242, 256 (1986).

Under New Mexico law, the Court must initially determine as a matter of law whether conduct reasonably may be regarded as so extreme and outrageous that it will permit recovery under the tort of intentional infliction of emotional distress. Padwa v. Hadley, 127 N. M. 416, 419, 981 P.2d 1234, 1237,  cert. denied, No. 25,740 (1999) (citing Trujillo v. Puro, 101 N. M. 408, 414, 683 P. 2d 963, 969 (Ct. App.), cert. denied, 101 N. M. 362, 683 P. 2d 44 (1984)). Where reasonable minds may differ on that question a jury must decide whether the conduct at issue meets the requirements of the tort. Id. The court in Padwa stated that liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous! RESTATEMENT (SECOND) OF TORTS  § 46.

Discussion

Plaintiff makes no statements in her affidavit which would support a finding of intentional infliction of emotional distress by Defendant. Even the strongest interpretation of the facts set out by Plaintiff do not approach the required "outrageous" misconduct necessary to assess such damages against Defendant. As a matter of law Defendant's conduct does not meet the level of

misconduct required to allow damages for intentional infliction of emotional distress to be found against Defendant. Additionally, Plaintiff has failed to make a showing of the level of severity of emotional distress which is required to recover damages where the emotional distress grows out of an alleged breach of contract; i.e., severe emotional distress or physical injury. Flores v. Baca, 117 N.M. 306, 313-314, 871 P.2d 962 (1994), and cases cited therein. Given these conclusions, it is unnecessary to discuss whether the contract involved is a contract of a "personal nature".   The motion for partial summary judgment should be granted.


   **WHEREFORE,**

   **IT IS ORDERED** that Defendant's Motion for Partial Summary Judgement Regarding Claims for Emotional Distress [docket no. 23] be, and it is hereby, **GRANTED,** and the claims in Plaintiff's Complaint concerning emotional distress are dismissed.


                                        _____
                                        UNITED STATES MAGISTRATE JUDGE